IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLONA JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>CONAGRA BRANDS, INC., RESTAURANT DEPOT LLC, NICK ALDUMURE, AUDY "DOE" (fictitious, last name unknown), VAMAL "DOE" (fictitious, last name unknown), MARALYN "DOE" (fictitious, last name unknown), JOHN DOE 1-10 (a fictious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products), ABC CORP 1-10 (a fictious name representing a class of defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product), XYZ CORP 1-10 (a fictious name representing a class of fictitious defendants who sold, distributed or advertised the product),<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Defendant Conagra Brands, Inc. ("Conagra"), by and through their undersigned counsel, hereby removes the above-captioned case from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332, 1441, and 1446, and in support thereof, state as follows:

## INTRODUCTION

1. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1441(a), which provides for removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

2. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of this civil action because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

3. On July 19, 2021, Plaintiff Allona Jackson commenced this action against Defendants Conagra Brands, Inc., Restaurant Depot LLC, Nick Aldumure, Audy "DOE" (fictitious, last name unknown), VAMAL "DOE" (fictitious, last name unknown), MARALYN "DOE" (fictitious, last name unknown), JOHN DOE 1-10 (a fictious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products), ABC CORP 1-10 (a fictious name representing a class of defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product), XYZ CORP 1-10 (a fictious name representing a class of fictitious defendants who sold, distributed or advertised the product) in the Superior Court of New Jersey, Essex County. A copy of the Complaint is attached hereto as **Exhibit A.**

4. All other pleadings, process, orders, and other filings in the state court action are attached to this Notice of Removal as **Exhibit B,** as required by 28 U.S.C. § 1446(a).

5. Conagra Brands, Inc. was served with the Summons and Complaint on September 20, 2021. (**Exhibit B** at p. 45.)

6. This Notice of Removal is filed within 30 days of service of the Complaint on Conagra, and is therefore, timely filed. 28 U.S.C. § 1446(b)(1); *see also* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

7. Defendant Restaurant Depot LLC was served on July 21, 2021. (**Exhibit B** at p. 14.)

8. Defendant Restaurant Depot, LLC consents to removal as indicated by its counsel. *See* 28 U.S.C. §1446(b)(2).

9. Upon information and belief, Defendant Nick Aldumure has not been served.[1]

10. Consent is not required for Defendants Nick Aldumure, "Audy 'DOE' (fictitious, last name unknown)", "VAMAL 'DOE' (fictitious, last name unknown)", and "MARALYN 'DOE' (fictitious, last name unknown)," because these defendants are unknown or nominal parties, were fraudulently joined, and/or have not been properly served. *Wells Fargo Bank, N.A. v. Schildknecht et al*, No. 2:20-CV-00677-ES-SCM, 2020 WL 6729419, at *2 (D.N.J. June 29, 2020) (consent of co-defendants not required where (i) non-joining defendant is an unknown or nominal party, (ii) where a defendant was fraudulently joined, or (iii) non-joining defendant "has not been served at the time the removing defendants filed their petition."); *Balazik v. Cty. of Dauphin*, 44

---

[1] Plaintiff filed an affidavit of service relating to Mr. Aldumure, indicating that a Summons and Complaint was left for him at Restaurant Depot location on July 21, 2021. (**Exhibit B** at 15.) That is not proper service under New Jersey Law. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 478, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.")); *see also Blount v. TD Bank, N.A.*, No. 20-18805, 2021 WL 2651760, at *3 (D.N.J. June 28, 2021) ("Courts applying New Jersey law have repeatedly found that serving an individual not specifically authorized to accept service on behalf of a defendant at that defendant's place of employment is insufficient under NJ Court R. 4:4–4(a)(1)." (citing cases).)

F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined."); 28 U.S.C. §1446(b)(2) (requiring consent for defendants who "have been properly joined and served").

11.  Consent from the remaining "fictitious" entity defendants (i.e., ABC CORP 1-10 and XYZ CORP 1-10), is also not required because these defendants are unknown or nominal parties who have not been served. *Wells Fargo Bank,* 2020 WL 6729419, at *2; *Balazik* 44 F.3d at 213 n.4.

12.  This is the proper district for removal in that the District of New Jersey encompasses Essex County and is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 110, 1441(a).

13.  A copy of this Notice of Removal is being filed with the Clerk of Superior Court of New Jersey, Essex County, Law Division, and is being served upon Plaintiff and all parties of record, pursuant to 28 U.S.C. § 1446(d). *See* **Exhibit C**.

### REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

**A. Diversity of citizenship exists.**

14.  Plaintiff is a citizen of New Jersey. Upon information and belief, she is domiciled at 49 Brighton Terrace, Irvington, New Jersey. (*See* Compl. ¶ 1.)

15.  Defendant Conagra Brands, Inc. is a Delaware Corporation with its principal place of business in Chicago, Illinois. (*See* Compl. ¶ 6.) Therefore, Conagra Brands, Inc. is a citizen of Delaware and Illinois.

16.  "[T]he citizenship of a [limited liability company] is determined by the citizenship of each of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 105 (3d Cir. 2015).

"For complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." *Id.* (citations omitted). Where an LLC has, as one of its members, another LLC, the citizenship is determined by an upstream analysis of its members and structure. *Id.* at 105, n.16.

17. As set forth in the Declaration of Brian E. Emmert, an officer of Defendant Restaurant Depot, LLC, the sole member of Defendant Restaurant Depot, LLC is Jetro Cash & Carry Enterprises, LLC. The sole member of Jetro Cash & Carry Enterprises, LLC is Jetro Holdings, LLC. The sole member of Jetro Holdings, LLC is JRD Holdings, LLC. The sole member of JRD Holdings, LLC is JRD Unico, Inc. (*See* Declaration of Brian Emmert ("Emmert Dec."), attached hereto as **Exhibit D**, ¶ 5; *see also* Compl. ¶ 6.)[2]

18. All of the aforementioned entities (Defendant Restaurant Depot, LLC; Jetro Cash & Carry Enterprises, LLC; Jetro Holdings, LLC; JRD Holdings, LLC; and JRD Unico, Inc.) are organized under the laws of the State of Delaware. (*See* Emmert Dec., ¶ 6.)

19. The principal place of business of all of the aforementioned entities (Restaurant Depot, LLC; Jetro Cash & Carry Enterprises, LLC; Jetro Holdings, LLC; JRD Holdings, LLC; and JRD Unico, Inc.), including but not limited to the decision making and coordination for these entities, is at 1710 Whitestone Expressway, Whitestone, New York, 11357. (Emmert Dec., ¶ 7.)

20. Therefore, Defendant Restaurant Depot, LLC is a citizen of both New York and Delaware.

### 1. The citizenship of fictitious defendants should be disregarded.

21. Plaintiff also named as Defendants the unnamed and fictitious individuals of AUDY "DOE" (fictitious, last name unknown), VAMAL "DOE" (fictitious, last name unknown),

---

[2] To resolve a factual question pertaining to jurisdiction and to assure itself of its authority to hear a case, a court may examine facts and evidence outside of the pleadings. *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997).

MARALYN "DOE" (fictitious, last name unknown), JOHN DOE 1-10 (a fictious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products) (hereinafter, collectively, "Unidentified Employees"), ABC CORP 1-10 (a fictious name representing a class of defendants who designed, manufactured, assembled, marketed or sold the product or a component of the product), and XYZ CORP 1-10 (a fictious name representing a class of fictitious defendants who sold, distributed, or advertised the product).

22. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" for the purposes of determining diversity jurisdiction. *See also Mucci v. Decision One Mortg.*, No. CIV.A. 12-1840 JLL, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012). Therefore, the citizenship of these fictitious parties should be disregarded at this stage.

### 2. Diversity of Citizenship Not Defeated by a Defendant Whose Citizenship is Not Known or Alleged, and Who was Fraudulently Joined.

23. Plaintiff named Defendant Nick Aldumure, who she alleges was employed by Restaurant Depot, and was allegedly responsible, along with others, for "the ordering, stocking, marketing and sale of the can of PAM Cooking Spray." (Compl. ¶ 11.)

24. Plaintiff does not allege the citizenship of Mr. Aldumure. But even if it is determined or alleged that Mr. Aldumure is a citizen of New Jersey, that determination will not defeat diversity under the doctrine of fraudulent joinder.

25. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d. Cir. 2006). Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. *Id.* at 217.

26. "When determining if joinder is fraudulent, a court may properly look outside the pleadings to identify indicia of fraudulent joinder." *Roggio v. McElroy*, No. CIVA 10-777 (JAP), 2010 WL 1492594, at *2 (D.N.J. Apr. 14, 2010), *aff'd sub nom. Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432 (3d Cir. 2011).

27. Where the Court determines that a party has been fraudulently joined, the Court "can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *In re Briscoe*, 448 F.3d at 216 (*quoting Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999)).

28. Plaintiff's Complaint does not include any specific allegations against Mr. Aldumure or explain how his conduct is connected to the Plaintiff's claims that the cooking spray was defective. "As one court has aptly put it, there is 'no better admission of fraudulent joinder'' than the failure of a plaintiff 'to set forth any specific factual allegations' against a defendant." *Hannah v. Johnson & Johnson Inc.*, No. CV 18-10319, 2020 WL 3497010, at *14 (D.N.J. June 29, 2020) (quotation omitted).

29. Furthermore, notwithstanding the six-count Complaint, all of Plaintiff's claims are subsumed by the New Jersey Products Liability Act ("PLA"), N.J.S.A. §2A:58C-1(b)(3) (subsuming "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty"); *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007) ("With the passage of the Product Liability Act, N.J.S.[A.] 2A:58C–1 through–7, . . . there came to be one unified, statutorily defined theory of recovery for harm caused by a product, and that theory is, for the most part, identical to strict liability."); *accord Brown ex rel. Estate of Brown v. Philip Morris Inc.*, 228 F.

Supp. 2d 506, 516 (D.N.J. 2002) ("Because the PLA generally subsumes common-law product liability claims . . . the Third Circuit, the New Jersey District Court, and New Jersey State courts consistently have dismissed product liability claims based on common-law theories when those theories allege 'harm caused by a product.'") (collecting cases).

30. There is no reasonable basis in fact for a PLA claim against Mr. Aldumure because he is not a "manufacturer" or "product seller" of PAM cooking spray, as those terms are defined by the PLA. N.J.S.A. § 2A:58C-8 (limiting "Product Seller" to those who sell or distribute the product "in the course of a business conducted for that purpose"). Moreover, even accepting the allegations as true, Mr. Aldumure lacks the requisite control over the sale or distribution of the PAM cooking spray to qualify as a "Product Seller" under the PLA. *Allstate New Jersey Ins. Co. v. Amazon.com, Inc.*, No. 17-2738 (FLW)(LHG), 2018 WL 3546197, at *7 (D.N.J. July 24, 2018); *Oscar Mayer Corp. v. Mincing Trading Corp.*, 744 F. Supp. 79, 84 (D.N.J. 1990).

31. Accordingly, under the fraudulent joinder doctrine, the Court may disregard, for jurisdictional purposes, the citizenship of Mr. Aldumure and assume jurisdiction over a case. *In re Briscoe*, 448 F.3d at 215-16.

32. Furthermore, to the extent Defendants AUDY "DOE" (fictitious, last name unknown), VAMAL "DOE" (fictitious, last name unknown), MARALYN "DOE" (fictitious, last name unknown), or JOHN DOE 1-10 (a fictious name representing managers or employees that were responsible for the ordering, stocking, marketing and/or sales of products), were both properly identified and served, the fraudulent-joinder analysis would apply equally to them under Plaintiff's identical allegations that they were store managers or employees that were allegedly responsible for "the ordering, stocking, marketing and sale of the can of PAM Cooking Spray." (Compl. ¶ 11.) (*See supra*, ¶¶ 27-33.)

### 3. Complete diversity exists.

33. As set forth above, Plaintiff is a citizen of New Jersey, and Defendants are citizens of New York, Delaware, and Illinois.

34. Therefore, there is complete diversity of citizenship among the parties at the time of the filing of the Complaint and this Notice of Removal. *See* 28 U.S.C. §§ 1332(a), 1441(a).

### B. The amount in controversy requirement is satisfied.

35. Plaintiff alleges that she suffered "serious and permanent injuries." (Compl. ¶ 2.) She further alleges she "sustained serious, painful and permanent injuries on the [date of the incident], will in the future experience great pain and suffering, was caused to incur expenses for medical care and attention, will in the future incur additional expenses, has lost physical ability, time from work in the past and future, and has in the past, and will in the future, lose her right to fully enjoyment of life. (Compl. Count 1, ¶ 12.) Plaintiff seeks "aforementioned damages, together with interest and costs of suit or such other compensation to which [s]he may be entitled." (*Id.*)

36. Based on the claims as alleged in the Complaint, and the detailed representations about the injuries that Plaintiff claims she suffered, including but not limited to the "substantial sums" spent on medical care, (Compl., Count III, ¶ 16), the amount in controversy is in excess of $75,000.00.

37. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 783 n.2 (3d Cir. 2020) (considering allegations of "pain, suffering" and request for "attorneys' fees" as basis to conclude it is plausible that amount in controversy was met).

9

38. Therefore, this Court has jurisdiction over this action because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity among the parties.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Conagra Brands, Inc. hereby requests that this Court retain jurisdiction of matter as removed from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

Pursuant to Local Civil Rule 11.2, the undersigned certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, except the state court action previously pending in the Superior Court of New Jersey, Essex County which is the subject of this Notice of Removal, nor is any action or arbitration proceeding contemplated nor are there parties required to be joined in this action.

Dated: September 30, 2021

By: _____
Matthew D. Garson, Esquire
**LAVIN, CEDRONE, GRAVER,
BOYD & DISIPIO**
1300 Route 73, Suite 307
Mount Laurel, NJ 08054
(856)778-5544
(856) 793-0237 Fax
*Attorneys for Defendant, Conagra Brands, Inc.*